# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Devontia Atkinson,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Las Vegas Valley Water District,<br><br>　　　　　　Defendant(s). | 2:23-cv-01350-ART-MDC<br><br>**Order** |

Pending before the Court is plaintiff Devontia Atkinson's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 8).

**DISCUSSION**

**I.　　Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

II.     **Plaintiff's IFP Application Contains Inconsistencies**

Plaintiff Devontia Atkinson filed his first application to proceed in forma pauperis ("IFP") (ECF No. 2). The IFP was denied without prejudice and plaintiff was ordered to file a long-form IFP or pay the full filing fee. ECF No. 4. Plaintiff then submitted the long-form IFP. ECF No. 5. However, because

plaintiff left out the fifth page of the IFP, his application was incomplete. The Court granted plaintiff one more chance to either file a new long-form IFP or pay the full filing fee by February 23, 2024. ECF No. 7. Pending before the Court is plaintiff's long-form IFP. ECF No. 8. The Court denies plaintiff's IFP application and will allow plaintiff one **final** chance to either the long-form IFP or pay the filing fee.

Plaintiff's original IFP application was denied because the application was incomplete, and he had not disclosed information about his wife's income. ECF No. 4. Plaintiff's second IFP application was denied because he had left out page 5 of the application, making the application incomplete. ECF No. 7. Plaintiff has submitted his third IFP application and has indicated, under penalty of perjury, that he is unable to afford the filing fee. ECF No. 8. Plaintiff has indicated that he makes $400 per month in self-employment income. ECF No. 8 at 1. His wife makes on average $4,500 - $5,000 a month in employment income and $370 in child support. *Id.* Plaintiff claims that the total monthly expenses are $5,419 a month. *Id.* at 5. However, plaintiff has indicated that his wife handles the expenses and that his total monthly expenses are $0, meaning that the total monthly expenses exceed the higher estimate of his wife's monthly income. ECF No. 8.

The Court also finds that there are discrepancies between plaintiff's previous IFP application (ECF No. 5) and his current application (ECF No. 8). For example, in his current IFP application, plaintiff did not answer the question regarding his previous employment (ECF No. 8 at 2). However, in his previous IFP application, plaintiff indicated he was employed at Las Vegas Valley Water District from May 2006 to July 2022 (ECF No. 5 at 2). The Court also notes that in plaintiff's previous IFP application, he indicated that his wife owned a 2005 Honda Accord valued at $2,000. See ECF No. 2 at 2; see also ECF No. 5 at 3. However, in his current IFP application, plaintiff makes no mention of the vehicle. ECF No. 8 at 3. The Court also notes that there is a large increase in rent or mortgage payments between his prior and current IFP applications. ECF No. 8 and 5, at 4. In the previous IFP application, plaintiff indicated that the monthly

rent/mortgage payment was $985 (ECF No. 5 at 4) but in his current IFP application, the rent/mortgage payment was $1,889 (ECF No. 8 at 4). Given the discrepancies, the Court finds that it cannot make an accurate determination on plaintiff's IFP status, or the veracity of the information provided.

The Court will give one final chance to file a long-form IFP, addressing the inconsistencies and discrepancies discussed above. Plaintiff must answer **all questions** on the long-form IFP with detailed explanations about the discrepancies between the three filed IFPs (ECF No. 2, ECF No. 5, and ECF No. 8). **Plaintiff cannot leave any questions blank**, even if plaintiff finds that the question is not applicable to him, he must indicate as such.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's IFP application (ECF No. 8) is DENIED WITHOUT PREJUDICE.
2. Plaintiff has until **Thursday, April 4, 2024** to either (1) file the long-form IFP or to (2) pay the filing fee.
3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order

and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 5th day of March 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge