# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Devontia Atkinson,

        Plaintiff(s),

vs.

Las Vegas Valley Water District,

        Defendant(s).

2:23-cv-01350-ART-MDC

Order

Pro se plaintiff Devontia Atkinson filed an amended Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 10). The Court grants the IFP application. The Court also screens plaintiff's Complaint (ECF No. 2-1). The Court dismisses the Complaint without prejudice.

## DISCUSSION

Plaintiff's present filings present two questions: (1) whether he can proceed in forma pauperis and (2) whether his complaint states a plausible claim for relief.

### I.    *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court denied plaintiff's three previous IFP applications. Plaintiff's original IFP (ECF No. 2) was denied because the application was incomplete, and he had not disclosed information about his wife's income. ECF No. 4. Plaintiff's second IFP application (ECF No. 5) was denied because he had

left out page 5 of the application. ECF No. 7. Plaintiff's third IFP application (ECF No. 8) was denied because the Court found there were inconsistencies within plaintiff's IFP application. ECF No. 9. The Court also found discrepancies between the second IFP application and his third IFP application. *Id.* The Court gave plaintiff one final chance to complete a long-form IFP, addressing the inconsistencies and discrepancies addressed in its Order. *Id.* Plaintiff has now submitted his fourth IFP application (ECF No. 10). Plaintiff has addressed the inconsistencies and discrepancies, therefore the Court grants plaintiff's IFP application.

## II. COMPLAINT

### a. Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

(internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### b. Analysis - The Action is Time-Barred

Plaintiff's action is time-barred. Pursuant to 42 U.S.C. § 2000e-5(f)(1), plaintiff must file his civil suit within ninety (90) days of receiving his Notice of Right to Sue. Plaintiff has failed to do so. Plaintiff has indicated that he received his Notice of Right to Sue letter on May 24, 2023. ECF no. 2-1 at 5. Plaintiff signed the complaint on August 24, 2023. ECF No. 2-1 at 6. The complaint was filed on August 30, 2023. ECF No. 2-1. Even going by the earlier signing date, plaintiff is time-barred because it was more than 90 days after the Notice of Right to Sue. "The purpose of a statute of limitations 'is to require diligent prosecution of known claims, thereby providing finality and predictability in legal affairs and ensuring that claims will be resolved while evidence is reasonably available and fresh.'" *Marczuk v. Las Vegas Metro. Police Dep't*, 2019 U.S. Dist. LEXIS 81929 (D. Nev. Feb. 13, 2019) (citing *Scott v. Gino Morena Enters.*, LLC, 888 F.3d 1101, 1110 (9th Cir. 2018) (quoting Statute of Limitations, Black's Law Dictionary (10th ed. 2014))); *see Dawson v. Valdez*, 797 Fed. Appx. 321, 321 (9th Cir. 2020) (The district court properly dismissed [plaintiff's] disability discrimination claim because [plaintiff] failed to file [his] claim within the applicable limitations period, and failed to allege facts sufficient to establish that the EEOC rescinded the notice of right to sue on [his] disability discrimination claim); *see also* 42 U.S.C. § 2000e-5(f)(1) (setting forth 90-day period in which Title VII complainant may bring a civil action); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (90-day period operates as a limitations period; if a litigant does not file suit within 90 days of receipt of the notice of the right to sue, the action is time-barred); *Reed v. Cognizant Tech. Sols.*, 849 Fed. Appx. 207, 208 (9th Cir. 2021) (holding that the district court properly dismissed

plaintiff's action as time-barred because she filed the action after the applicable statute of limitations had run and she failed to show extraordinary circumstances beyond her control that justified equitable tolling) (internal citations omitted). Here, plaintiff filed his complaint after the 90-day time limit had expired. As previously stated, plaintiff indicated in his complaint that he received a Notice of a Right to Sue from the EEOC on May 24, 2023. Pursuant Federal Rules of Civil Procedure Rule 26(a)(1), ninety (90) days from the indicated date was August 22, 2023. The complaint (ECF No. 2-1) was filed on August 30, 2023. ECF No. 2. Plaintiff signed his complaint on August 24, 2023. ECF No. 2-1 at 6. Even being generous and looking to the date plaintiff signed his complaint, the Court finds that plaintiff is time barred. The last day for plaintiff to file his suit was on August 22, 2023, which he failed to do.

However, the Court will give plaintiff a chance to amend the complaint, to show if there are any extraordinary circumstances that warranted an equitable tolling (pausing) of the 90-day statute of limitation. *See Reed*, 849 Fed. Appx. At 208 (citing 42 U.S.C. § 2000e-5(f)(1)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way") (internal citations omitted). Plaintiff has until July 1, 2024, to file an amended complaint addressing the issued discussed.

Plaintiff is cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's IFP Application (ECF No. 10) is GRANTED.

2. Plaintiff's Complaint (ECF No. 2-1) is DISMISSED WITHOUT PREJUDICE.

3. Plaintiff has until **Monday, July 1, 2024,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

4. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 3rd day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge