UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Devontia Atkinson,<br><br>       Plaintiff,<br> v.<br><br>Las Vegas Valley Water District,<br><br>       Defendant. | Case No. 2:23-cv-01350-ART-MDC<br><br>ORDER DENYING R&R<br>(ECF No. 16) |

Plaintiff Devontia Atkinson sued Defendant Las Vegas Valley Water District *pro se* under Title VII for wrongful discharge, discrimination, and a hostile work environment. (ECF No. 12.) The Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Court dismiss Atkinson's suit as untimely. (ECF No. 16.) Atkinson objected to the R&R. (ECF No. 17.) The Court grants Atkinson's objection and denies the R&R.

**I. BACKGROUND**

Atkinson filed a charge with the Equal Employment Opportunity Commission (EEOC) around August 16, 2022, regarding alleged discrimination by Defendant. (ECF No. 2-1 at 5.) He received a Notice of Right to Sue from the EEOC on May 24, 2023, which permitted him to sue in federal court within 90 days. (ECF No. 12 at 12.) After receiving the Right to Sue, he found a lawyer who would represent him, but the lawyer, "due to an overwhelming caseload, was forced to drop [his] case." (ECF No. 17 at 1.) Atkinson then met with another lawyer, who refused to take Atkinson's case, leaving him "without representation in the final days of the filing deadline." (*Id.* at 1–2.)

Atkinson filed this suit *pro se* at the Las Vegas Justice Court on August 24, 2023, within the three months permitted by his Right to Sue. Early the next week,

the Las Vegas Justice Court returned Atkinson's filing and indicated that it had been filed in the wrong court. (ECF No. 12 at 10.) Two days later Atkinson filed it in this Court. (*See* ECF No. 1.)

The Magistrate Judge issued a R&R that Atkinson's suit be dismissed as untimely. (ECF No. 16.) Atkinson timely objected to the R&R, explaining his difficulties securing counsel. (ECF No. 17.)

## II.   STANDARD OF REVIEW

The Court conducts a *de novo* review of the objected-to findings and conclusions of a report and recommendation. 28 U.S.C. § 636(b)(1)(C); LR IB 3-2(b). The Court "may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations." LR IB 3-2(b); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

## III.   ANALYSIS

Atkinson seeks equitable tolling based on his difficulty finding counsel and because he timely filed in the wrong court. Equitable tolling applies when a litigant shows that they pursued their rights diligently and that an extraordinary circumstance stood in the way of timely filing. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016).

To meet the diligence requirement, a litigant need only show reasonable effort, not "maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal citations removed). Diligence may be shown "by filing a defective pleading during the statutory period." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 n.3 (1990) (collecting cases and citing *Burnett v. N. Y. Cent. R.R. Co.,* 380 U.S. 424 ("plaintiff timely filed complaint in wrong court")). Atkinson timely filed his case in the wrong court and promptly filed the case in the correct court upon learning of his error. (ECF No. 17.) Additionally, the fact that Atkinson sought legal counsel and promptly filed in the correct court after learning of his mistake also shows diligent pursuit of his rights.

To show extraordinary circumstances, a litigant seeking equitable tolling must show that "matters outside [the litigant's] control" prevented timely filing. *Menominee Indian Tribe of Wis.*, 577 U.S. at 257. Extraordinary circumstances may arise out of attorney misconduct, "not limited to abandonment." *Milam v. Harrington*, 953 F.3d 1128, 1134 (9th Cir. 2020) (citing *Luna v. Kernan*, 784 F.3d 640, 648 (9th Cir. 2015)); *see also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999) (relationship with lawyer may constitute extraordinary circumstance). Atkinson faced extraordinary circumstances when his retained lawyer dropped him as a client, leaving him "without representation in the final days of the filing deadline." (ECF No. 17 at 1–2.) Accordingly, the Court finds that Atkinson's retained lawyer dropping Atkinson's case is a sufficient extraordinary circumstance to justify equitable tolling.

## IV. CONCLUSION

The Court denies the R&R (ECF No. 16) and grants Atkinson's objection (ECF No. 17).

DATED THIS 8th day of April, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3