**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Devontia Atkinson,

Plaintiff,

vs.

Las Vegas Valley Water District,

Defendant.

Case No. 2:23-cv-01350-ART-MDC

**ORDER**

I initially screened plaintiff's initial complaint and entered an Order (ECF No. 11) dismissing plaintiff's claims as time-barred by the applicable statute of limitation and giving plaintiff leave to file an amended complaint to show any extraordinary circumstances that warranted an equitable tolling of the statute of limitation. Plaintiff filed an Amended Complaint (ECF No. 12) in compliance with my Order. In the Amended Complaint, plaintiff explained that the complaint was filed beyond the statute of limitations because plaintiff miscalculated the 90-day deadline and because he initially filed his complaint in the wrong court. *See ECF No. 12* at 9. I screened plaintiff's Amended Complaint and entered a Report and Recommendation (ECF No. 16). I found that plaintiff's Amended Complaint did not show extraordinary circumstances for an equitable tolling of the statute of limitations and recommended that the amended complaint be dismissed without leave to amend. *ECF No. 16*.

Plaintiff timely filed an Objection (ECF No. 17) to my Report and Recommendation. In his Objection, plaintiff stated that the equitable tolling should apply because the delays and missed deadline was further caused by plaintiff's retained lawyer dropping plaintiff's case. *ECF No. 17*. In relevant part, plaintiff's Objection states:

> After receiving the Right to Sue notice, I actively pursued legal counsel to represent me, as I am unfamiliar with the complexities of legal proceedings. I initially retained a lawyer who, due to an overwhelming caseload, was forced to drop my case. Following that, I sought the assistance of another attorney, who agreed to meet with me but later backed out. This left me without legal representation during a critical time, and I was left to navigate the legal system on my own.

> . . . .
>
> The challenges I faced in securing legal representation constitute extraordinary circumstances that should warrant equitable tolling. My case was significantly affected by the fact that I lost my original lawyer and was then left without legal guidance despite actively pursuing multiple alternatives. I was not merely sitting on my rights; I made every effort to comply with the filing deadlines. However, without professional guidance, I was forced to learn as I went, which unfortunately resulted in a procedural error.

*Id.* at 1. The District Court then entered an Order (ECF No. 18) granting plaintiff's Objection and rejecting the Report and Recommendation, finding that plaintiff's retained lawyer dropping plaintiff's case is a sufficient extraordinary circumstance to justify equitable tolling.

Therefore, I give plaintiff leave to file a Second Amended Complaint which re-states the facts from his Objection (ECF No. 17) regarding plaintiff's retained lawyer dropping plaintiff's case.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff shall file his Second Amended Complaint by **September 11, 2026**. The Second Amended Complaint must re-state the facts from his Objection (ECF No. 17) regarding plaintiff's retained lawyer dropping plaintiff's case. The Court will not screen plaintiff's Second Amended Complaint.
2. The Clerk of Court is kindly directed to issue summons to defendant if plaintiff timely files his Second Amended Complaint.
3. Plaintiff shall serve the summons and complaint within 90 days after filing his Second Amended Complaint.

DATED: August 21, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**